United States District Court
District of Massachusetts

```
_____
                               )
SAL LATORRACA,                 )
on behalf of himself and       )
others similarly situated,     )
        Consolidated Lead      )    Civil No.
        Plaintiff,             )    97-10304-NMG
                               )
        v.                     )
                               )
CENTENNIAL TECHNOLOGIES INC.   )
and EMANUEL PINEZ,             )
        Defendants,            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Class action plaintiffs were awarded judgment against Centennial Technologies, Inc. ("Centennial") and Emanuel Pinez ("Pinez"), Centennial's founder and former Chief Executive Officer, in an action for issuing false and misleading statements in violation of multiple federal securities laws and improperly trading in Centennial options on insider information. Pending before this Court is plaintiffs' post-judgment motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

I. <u>Background</u>

This class action arose from one of the largest financial frauds in Massachusetts history. Pinez admitted disseminating materially false and misleading financial statements for the fiscal years 1994, 1995 and 1996. As a result of those false

statements, the price of Centennial's stock rose from $6 per share in 1994, to $55 per share by late 1996.  However, the true financial condition of the company was worse than publicly reported.  When the fraud was ultimately disclosed, Centennial's stock price collapsed to below $2 per share, decimating the market value of the investors' shares and thereby purportedly defrauding them of millions of dollars.

After successful prosecution of the class action, judgment was entered against Emanuel Pinez for $207 million in November, 2000.  In the five years that followed, the plaintiffs struggled to recover even a portion of that judgment.

In the Fall of 2005, Class Counsel discovered an account at H&R Block Financial Advisors, Inc. ("H&R Block") in the name of Taniki Financial Corporation ("the Taniki account"), which was opened in 1994 by Mr. Pinez and his wife.  This Court promptly granted plaintiffs' motion to attach the Taniki account.  In 2008, Class Counsel succeeded in enlarging the attachment to include the interest accrued in the account since the original attachment.  This Court then assessed H&R Block as a trustee the amount of $665,320 in partial satisfaction of the outstanding $207 million judgment against Mr. Pinez.

Following an unsuccessful appeal by Taniki, H&R Block transferred the remaining funds in the Taniki Account, $604,837, to the Claims Administrator, Berdon LLP, after subtracting its

own costs and fees. The funds obtained on behalf of the Class are now subject to Class Counsel's pending request for attorneys' fees, Claims Administrator's fees and reimbursement of expenses.

## II. Legal Analysis

In his Motion for Award of Attorneys' Fees, Class Counsel requests attorneys' fees of 30% of the common fund plus reimbursement of $15,515 in out-of-pocket expenses. Class Counsel also requests $30,000 to be paid to the Claims Administrator for its fee and reimbursement of out-of-pocket expenses incurred in connection with his distribution of funds to the Class.

### A. Standard

A lawyer who recovers a common fund for a class she represents is entitled to reasonable attorneys' fees and reimbursement of expenses prior to the distribution of the balance to the class. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). Courts have wide discretion when awarding attorneys' fees. In re Thirteen Appeals Arising Out of San Juan, 56 F.3d 295, 307 (1st Cir. 1995). In addition to ensuring that Class Counsel is fairly compensated for his efforts, the district court is obligated to function as "a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Sec. Litig. v. Fidelity Magellan Fund, 167 F.3d 735, 736 (1st Cir. 1990).

In a common fund case, the district court may calculate attorneys' fees by either the percentage of the fund ("POF") method or the lodestar method. In re Thirteen Appeals, 56 F.3d at 307. The First Circuit has acknowledged the "distinct advantages" in utilizing the POF method, explaining that it is less burdensome, enhances efficiency and better approximates the workings of the marketplace. Id.

Courts in this circuit generally award attorneys' fees in the range of 20-30%, with 25% as "the benchmark," Conley v. Sears, Roebuck & Co., 222 B.R. 181, 187 (D. Mass 1998) (citing Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)); see also New Eng. Carpenters Health Benefits Fund v. 1st Databank, Inc., No. 05-CV-11148-PBS, 2009 U.S. Dist. LEXIS 68419, at *9 (D. Mass. Aug. 3, 2009) (20%); In re Am. Dental Partners, Inc. Sec. Litig., No. 08-CV-10119-RGS, 2010 U.S. Dist. LEXIS 35074, at *2 (D. Mass. Apr. 9, 2010) (22.5%); In re Fleet/Norstar Sec. Litig., 935 F. Supp. 99, 110 (D.R.I. 1996) (20%); In re Puerto Rican Cabotage Antitrust Litig., No. 08-MD-1960(DRD), 2011 U.S. Dist. LEXIS 113980, at *48 (D.P.R. Sept. 13, 2011) (23%); Theodore Eisenberg & Geoffrey P. Miller, Attorneys' Fees & Expenses in Class Action Settlements: 1993-2008, J. of Empirical Legal Stud. 248 (2010)(Table 4)(finding that the median and mean attorneys' fees awarded in the First Circuit are 20%).

In addition to attorneys' fees, lawyers who recover a common fund for a class are entitled to reimbursement of out-of-pocket expenses incurred during litigation. In re Fidelity/Micron Sec. Litig., 167 F.3d at 737. Again, reasonableness is the goal, and it is within the court's discretion to reject or scale back any expenses deemed superfluous or unreasonable. Id. When a court uses the POF method to calculate attorneys' fees, it may set the percentage award at a level which not only accounts for fees but covers reimbursable expenses as well. Id.

Claim Administrators are also entitled to a reasonable fee for their services in a common fund case. See, e.g., Dare v. Knox County, No. 02-251-P-C, 2007 U.S. Dist. LEXIS 49814, at *3 n.1 (D. Me. July 9, 2007); In re Gilat Satellite Networks, Ltd., No. CV-02-1510(CPS)(SMG), 2009 U.S. Dist. LEXIS 25109, at *20 (E.D.N.Y. March 25, 2009); Shaw v. Toshiba Am. Info. Sys., No. 99CV0120, 2000 U.S. Dist. LEXIS 3592, at *86 (E.D. Tex. Jan. 31, 2000). As with any fee request, reasonableness is the touchstone by which it will be measured.

**B.  Application**

Class Counsel requests a fee of 30% of the common fund, or $181,000, and reimbursement of $15,515 for out-of-pocket expenses. Class Counsel argues that his request is reasonable in light of the complicated nature of the case and Class Counsel's diligent efforts in securing the funds from the Taniki account

for the Class.  While noting Class Counsel's concerted efforts, the aggregate of the funds collected to date is $604,837, well below 1% of the $207 million judgment.  This Court must balance the interests of the Class Plaintiffs, who have received only a fraction of the damages awarded to them, with those of Class Counsel, who has undoubtedly worked diligently for his clients.

The sum of the fees and expenses requested by Class Counsel is approximately 38% of the common fund.  That percentage, though high relative to amounts awarded in similar cases, is not per se unreasonable.  In light of the relatively modest recovery for the Class Plaintiffs thus far, it is, however, excessive in this case.

For his successful prosecution of the case and diligent efforts to attach the Taniki account, Class Counsel's motion for fees and expenses will be allowed but his fees will be reduced to 25% of the aggregate collected.  Accordingly, $151,200 will be awarded to Class Counsel for attorneys' fees, along with $15,515 as reimbursement for his expenses.  The Claims Administrator is entitled to its fee, and, as such, $30,000 will be awarded to Berdon LLP.  This aggregate award is reasonable in this case and protects the interests of the Class Plaintiffs by awarding them roughly two-thirds ($408,122) of the $604,837 recovered from the Taniki account.

## ORDER

In accordance with the foregoing, plaintiffs' motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Docket No. 446) is **ALLOWED,** in part, and **DENIED,** in part. Class Counsel is awarded $151,200 for attorneys' fees and $15,515 for expenses. Claims Administrator Berdon LLP is awarded $30,000 for its services.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated November 22, 2011